IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| BRETT RYAN DUBOSE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:07-CV-115 |
| | ) |
| CITY OF MORRISTOWN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This civil action is before the court for consideration of "Defendant Morristown Police Department's Motion for Summary Judgment" [doc. 49]. Plaintiffs have responded [doc. 52]. For the reasons that follow, the motion will be granted, and the Morristown Police Department will be dismissed.

I.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential

element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id.* at 325 (emphasis in original).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

2

II.

*Analysis*

In support of their motion, defendants include the affidavit of James Crumley, City Administrator for the City of Morristown, who states that the Morristown Police Department is a subdivision of the City of Morristown, not a separate entity from the city. In his response, plaintiff states that based on the Crumley affidavit, the legal argument presented by defendant, and plaintiff's own legal research, the Morristown Police Department should be dismissed from this case.

The court agrees. A police department is not a separate legal entity which may be sued. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (noting county police department not an entity that can be sued); *Alexander v. Beale St. Blues Co., Inc.*, 108 F. Supp. 2d 934, 947 (W.D. Tenn. 1999)("Memphis Police Department does not have the capacity to sue or be sued."); *Jones v. W. Point Police Dept.*, No. 3:06-CV-172-S, 2008 WL 474413, at *2 (W.D. Ky. Feb. 19, 2008) ("Police departments of local governments are not entities which may be sued."). Thus, this lawsuit against the Morristown Police Department cannot stand.

Accordingly, the motion for summary judgment will be granted, and the Morristown Police Department will be dismissed from this civil action. An order reflecting this opinion will be entered.

ENTER:

　　　　　　　　　　　　　　　　s/ Leon Jordan
　　　　　　　　　　　　　　United States District Judge

4