IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

BRETT RYAN DUBOSE, *et al.*,   )
                               )
    Plaintiffs,            )
                               )
                               )
v.                             )    No. 2:07-CV-115
                               )
CITY OF MORRISTOWN, *et al.*,  )
                               )
    Defendants.            )

## ORDER

Plaintiff has filed a motion in limine to exclude from trial certain defense exhibits and the testimony of certain defense witnesses [doc. 101]. Defendants have submitted a response in opposition [doc. 105]. For the reasons that follow, the motion will be granted in part; denied in part; and some issues will be reserved for trial.

After summary judgment rulings and dismissal by the plaintiff of certain defendants,[1] all that remains for trial is plaintiff's claim against officers Doyle Davis and Greg Johnson in their individual capacities for excessive force. Plaintiff alleges these officers used excessive force against him while he was contained in the drunk tank of the Hamblen County jail. Plaintiff was arrested on a DUI charge and was held in the drunk tank for several hours until his release.

---

[1] Originally there were three individual plaintiffs. Two plaintiffs dismissed their claims pursuant to Fed. R. Civ. P. 41 [docs. 45, 47], leaving Brett Dubose the only remaining plaintiff.

The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Tompkin v. Philip Morris USA*, 362 F.3d 882, 897 (6th Cir. 2004) (quoting Fed. R. Evid. 401). "Irrelevant evidence is not admissible." Fed. R. Evid. 402. While "[a]ll relevant evidence is admissible," there are circumstances when such evidence can be excluded. *Tompkin*, 362 F.3d at 897 (citing Fed. R. Evid. 402, 403). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.[2] District courts have broad discretion regarding decisions of admissibility of evidence. *Tompkin*, 362 F.3d at 897 ("Broad discretion is given to district courts in determinations of admissibility based on considerations of relevance and prejudice, and those decisions will not be lightly overturned.") (citations omitted); *Maday v. Pub. Libraries of Saginaw*, 480 F.3d 815, 819 (6th Cir. 2007) (citing *Tompkin*).

Under a heading which states "Offerings of Proof which are relevant merely to the arrest of Plaintiff prior to his detainment within the Morristown Jail which are malapropos to the issues at hand," defendant lists the testimony of the following witnesses:

---

[2] The language of Rule 403 was amended in 2011. The changes are stylistic only. "There is no intent to change any result in any ruling on evidence admissibility." Fed. R. Evid. 403 advisory committee's note.

2

Roger Overholt, Brian Sulfridge, Brad Crawford, George Sauceman, Randy McDonald, Jodi Reed, and Gary Shaffer.

Defendants agree that the testimony of Roger Overholt is irrelevant. Plaintiff's motion is therefore **DENIED AS MOOT** as to defendant Overholt. Brian Sulfridge was the arresting officer. His testimony has limited relevance to establishing plaintiff's physical and emotional condition at the time of his arrest and placement in the drunk tank. The motion is **OVERRULED AT THIS TIME**, although Sulfridge's testimony remains subject to relevancy objections at trial.

Brad Crawford and George Sauceman are officers who were not on duty the night of the subject incident. However, plaintiff named them as original defendants and alleged in the complaint that they beat him. Both officers were dismissed from the lawsuit on plaintiff's motion. Their testimony is not relevant to the issue of excessive force. Plaintiff's mistaken allegations concerning the officer's actions against him do relate to plaintiff's credibility and would be admissible for impeachment purposes only. The motion is **DENIED TO THIS EXTENT**.

Randy McDonald, Jodi Reed, and Gary Shaffer according to defendants were all present at the jail at the time of the subject events. Arguably they would have relevant information concerning the actions of Davis and Johnson as well as the conduct of the plaintiff. Therefore, the motion as to these three witnesses is **DENIED AT THIS TIME**, while their testimony remains subject to possible objections at trial.

3

Plaintiff also lists a number of items of proof under a heading titled, "Offerings of Proof *contrarius* to Federal Rule of Evidence 402 and 403." Identified under this heading as item "f" is the testimony of the officers just discussed above, and that testimony will not be addressed again. Item "j" is the deposition of the plaintiff, which is argued by plaintiff to be irrelevant. The plaintiff's deposition is clearly relevant and can be used for impeachment purposes at trial. Fed. Rule Civ. P. 32. The motion is **DENIED** as to plaintiff's deposition.

Plaintiff seeks to exclude charges and a criminal file from a domestic assault charge in 2001. This is identified as item "e" under this heading. In spite of defendants' contention that this is relevant, the court believes it is not. However, even if it were relevant to the issues at hand, any probative value would be substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury. The motion is **GRANTED** as to the 2001 domestic charges.

The motion also seeks to exclude exhibits from plaintiff's criminal trial identified as item "c" and the trial transcript from the criminal trial along with the Court of Criminal Appeals opinion affirming plaintiff's conviction, item "g" in the listing. Again, in spite of defendants' arguments to the contrary, these exhibits are not relevant to whether Davis and Johnson used excessive force on plaintiff in the drunk tank the night he was arrested, prior to the criminal trial and court of appeals decision. However, even if such evidence were relevant, it would be excluded under Rule 403 as its probative value would

4

be substantially outweighed by unfair prejudice, confusion of issues, and misleading of the jury. The motion is **GRANTED** as to items "c" and "g" the evidence and transcript related to plaintiff's criminal trial and the opinion of the Court of Criminal Appeals. The fact of plaintiff's conviction may be an issue for impeachment purposes depending on what transpires at trial and is therefore reserved for that time.

Items "b" and "d" refer to arrest records and warrants for plaintiff's arrest. Without actually seeing the warrants and records in question, the court cannot render an opinion as to their relevance to the issues in this case. Therefore, ruling on this evidence is **RESERVED FOR TRIAL**.

Plaintiff has also moved to exclude the audio/video from the police vehicle that stopped plaintiff and transported him to jail. This is item "a" under the subject heading. The court has seen and heard the recording. While there is a certain relevance concerning plaintiff's conduct, under Rule 403 any relevance would be substantially outweighed by undue prejudice and the presentation of cumulative evidence. The arresting officer and still photographs can establish the condition of the plaintiff upon his arrival at the jail and placement in the drunk tank. The motion is **GRANTED** as to the audio/video from Officer Jason Young's vehicle during the stop of plaintiff and his transport to the jail.

Finally, under this heading plaintiff seeks to exclude medical reports and psychological records, other than those that "may exhibit the tortious behavior toward the Plaintiff" as irrelevant, item "h," and the TBI forensics crime lab report and chemistry report,

5

item "i" as irrelevant as well. The court has not seen these records, and certainly some records are likely relevant for plaintiff to prove his damages. Therefore, any ruling on the admissibility of these records is **RESERVED FOR TRIAL**.

Plaintiff makes additional alternative arguments regarding all of the evidence listed above which the court will not address at this time. To the extent any such arguments remain applicable to the issues that have been reserved for trial, they can be presented at that time. Accordingly, for the reasons stated herein, plaintiff's motion in limine is **GRANTED IN PART and DENIED IN PART**, with specific issues identified as **RESERVED FOR TRIAL**.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge